(No. 75-CV-150—

Esther J. Anderson, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 6, 1975.*

Esther J. Anderson, Claimant, pro se.

William J. Scott, Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred on March 28, 1974, at 11:00 p.m., at 5420 South Blackstone Avenue, Chicago, Illinois. Esther Anderson,

the victim, seeks payment of compensation pursuant to the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereinafter referred to as the "Act.")

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates these documents. and other evidence submitted before the Court, the Court finds:

1. That the claimant, Esther J. Anderson, age 67, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" (*Ill. Rev. Stats. 1973, Ch. 38, §12-4).*

2. That on March 28, 1974, the claimant was beaten and robbed of her purse in the elevator of her apartment building at 2851 South King Drive, Chicago, Illinois, by an unidentified assailant.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the victim sustained numerous injuries for which she was hospitalized, including a broken jaw, a broken nose, loss of eyesight to her left eye, a detached retina, facial nerve dysfunction, an orbital floor fracture, a left vitreous hemorrhage, and a dislocated lens. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant were related to sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. The assailant has not yet been identified, and the investigation is ongoing.

7. That the victim was fully paid during her absence from work. Therefore, she makes no claim for loss of earnings.

8. That the claimant incurred medical and hospital expenses as a result of her injuries and the gross amount of the pecuniary loss for these items is as follows:

| | | |
|---|---|---|
| 1) | Hospital (Michael Reese) | $2,743.98 |
| 2) | Radiologists | 15.00 |
| 3) | Doctors | 990.00 |
| 4) | Opticians | 69.75 |
| 5) | Dentist | 20.00 |
| 6) | Drugs | 43.12 |

$3,881.85

9. That the claimant has received compensation from Blue Cross/Blue Shield in the amount of $2,629.33. She has not received any other insurance or disability benefits as a result of the injury.

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted

from her loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $2,629.33. This amount plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶8, leaves an amount of compensable loss, sustained by the claimant of $1,052.52.

11. That the proof submitted in support of this claim satisfies all of the requirements of the act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the total sum of $1,052.52 be awarded to the claimant, Esther Anderson, an innocent victim of a violent crime.